## STATE OF FLORIDA v SLATER
### Case No. CF87-0882
Tenth Judicial Circuit, Polk County
May 28, 1991

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Peter P. Sleasman, Esquire,** Florida Institutional Legal Services, Inc., for defendant.

### OPINION OF THE COURT

ROBERT E. PYLE, Circuit Judge.

#### *ORDER VACATING THE DEFENDANT'S JUDGMENT AND SENTENCE*

THIS MATTER is before the Court upon receipt of the Defendant's motion which was filed with the Clerk of the Court on the 15th of November, 1989. The motion was filed by an attorney for the Defendant. The delay in court response was caused by the fact that the Defendant had already filed a pro se motion in this case which the Court entered an order addressing. The clerk's officer confused the two

motions and thought the Court's order answered both. After the error was discovered, the motion and file were forwarded to the judge's office.

In his motion the Defendant requests that the Court vacate the judgment and sentence entered on its Order of Contempt which was filed on the 19th of August, 1987. The Court found the Defendant to be in willful contempt because of his behavior at a status conference hearing held on the 14th of August, 1987, and sentenced him to 179 days consecutive to his current prison sentence. However, a problem arises because the Defendant's mental competence had already been called into question as shown by the fact that the Defendant had been examined by three mental health experts prior to the status conference. After a hearing on the 24th of August 1987, the Defendant was ruled not to be competent to stand trial. Since his attorneys failed to present to the Court the question of the Defendant's mental state at the status conference and never filed a motion for new trial based upon this issue, the Defendant asserts that he was provided ineffective assistance of counsel.

After review of the Defendant's motion and the case file, the Court finds that the Defendant was incompetent at the time of his status conference and since his attorneys failed properly to present this issue to the Court, it is

ORDERED AND ADJUDGED that the Court Order of Contempt dated the 19th of August 1987, in which the Defendant was Adjudged to be in willful contempt and was sentenced to 179 days is vacated.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 28th day of May, 1991.